# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MID-MISSOURI WASTE SYSTEMS, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 07-233-CV-W-FJG |
| LAFARGE NORTH AMERICA, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion for Summary Judgment (Doc. # 145), plaintiff's Motion for Partial Summary Judgment (Doc. # 147) and defendant's Motion to Strike Plaintiff's Certificate Concerning Discovery (Doc. # 135).

### I. BACKGROUND

Plaintiff, Mid-Missouri Waste Systems, LLC ("MMWS"), claims that Lafarge breached a Mineral Lease between it and MMWS, as landlord under the lease. Plaintiff alleges that Lafarge's breaches of the lease have resulted in plaintiff being unable to construct a landfill on the property located around Sedalia, Missouri. MMWS seeks monetary damages arising out of Lafarge's breaches of the Mineral Lease. Both MMWS and Lafarge's Motions for Summary Judgment focus on five areas: 1) obligation to pump the Chouteau Pit; 2) depositing sediment into Long Lake; 3) removing sediment from Menefee lake; 4) placement of overburden material onto Tract 2; and 5) damage to drainage trenches.

**II. STANDARD**

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

**III. DISCUSSION**

**I. Motions for Summary Judgment**

After reviewing the parties' motions for summary judgment, the Court finds that there are disputed issues of fact which prevent the Court from granting summary judgment. Accordingly, the Court hereby **DENIES** defendants' Motion for Summary Judgment (Doc. # 145) and **DENIES** plaintiff's Motion for Partial Summary Judgment (Doc. # 147).

**II. Plaintiff's Certificate Concerning Discovery**

On December 15, 2008, plaintiff filed a Certificate Concerning Discovery. In this certificate, plaintiff states that it noticed the depositions of two former Lafarge employees. However, to accommodate conflicting schedules, plaintiff agreed to continue these depositions. In the Certificate, plaintiff states that it would like to take the depositions of these individuals, after the close of discovery. Additionally, plaintiff states in this certificate that Lafarge had suggested during the course of discovery that Pettis County Properties Co., LLC was a proper party to this action. Plaintiff states that it intends to request leave to amend the Complaint to add Pettis Properties Co., LLC as an additional plaintiff in order to avoid filing a new separate suit.

On December 16, 2008, Lafarge filed a Motion to Strike Plaintiff's Certificate Concerning Discovery. Lafarge states that it was never asked and never agreed to conduct the two additional depositions of its former employees. Lafarge states that plaintiff never raised this issue prior to filing its certificate. Lafarge also states that plaintiff never asked Lafarge about the Motion to Amend the Complaint. Lafarge states that it will await plaintiff's motion and respond accordingly. Additionally, Lafarge states that allowing the amendment now would necessitate amending the Scheduling Order.

Plaintiff did not file a response to the Motion to Strike its Certificate Concerning Discovery. Additionally, plaintiff never filed a Motion to Extend the discovery deadline or to amend the Complaint. The Court assumes that plaintiff decided not to proceed with either the depositions or amending the Complaint. Accordingly, the Court hereby **DENIES** AS **MOOT** defendant's Motion to Strike Plaintiff's Certificate Concerning Discovery.

**III. CONCLUSION**

3

For the reasons stated above, the Court hereby **DENIES** defendant's Motion for Summary Judgment (Doc. # 145), **DENIES** plaintiff's Motion for Partial Summary Judgment (Doc. # 147) and **DENIES** as **MOOT** defendant's Motion to Strike Plaintiff's Certificate Concerning Discovery (Doc. # 135).


Date:  5/1/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge